LEMMON, Judge,
concurs and assigns reasons.
I agree that penalties and attorney’s fees should be imposed for failure to pay medical expenses. As to the denial of penalties and attorney’s fees for discontinuing compensation benefits, I concur in the denial for the following reasons.
Defendant discontinued compensation payments in May, 1976 on the basis of a report by an orthopedic surgeon, which stated that plaintiff demonstrated “a great deal of simulation” and that any organic disability secondary to the laminectomy would not prevent plaintiff from participating in normal activities. The report further questioned whether plaintiff’s obvious simulation was due to an emotional condition.
The trial judge, in concluding discontinuance of compensation payments was not arbitrary, stated:
“There is no substantial dispute, that combined with her physical condition, her emotional problems render her functionally disabled. Although there is no medical dispute about her emotional disability, because such a diagnosis requires a subjective evaluation of credibility, essentially a judicial rather than a medical determination, I cannot conclude that New Orleans Public Service, Inc., was arbi *102 trary in refusing to accept the psychiatric evaluation at face value.”
I agree with this analysis. In a case involving physical disability a claimant generally wins if his complaints are supported by uncontradicted medical evidence. However, in a case involving emotional disability uncontradicted psychiatric testimony does not insure the claimant’s success in the litigation. Since psychiatric opinion depends peculiarly more upon the reliability of the claimant’s statements than on clinical testing, such evidence must be closely scrutinized, and the ultimate determination of emotional disability is a judicial one, even if the psychiatric opinion is uncontradicted.
Accordingly, defendant had the right to demand judicial determination of plaintiff’s emotional disability (when plaintiff was not physically disabled) without being subjected to penalties and attorney’s fees, which are designed to punish arbitrariness.